UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO ABEL,
                      Plaintiff,

-v-

ALL GREEN BUILDING SERVICES
OF NEW YORK LLC,
                      Defendant.

16-CV-8522 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

This is an employment discrimination case. Plaintiff Julio Abel, proceeding *pro se*, claims that Defendant All Green Building Services of New York, LLC, discriminated against him on the basis of his religion. All Green moves to dismiss, arguing that Abel's collective bargaining agreement requires him to arbitrate this dispute. Alternatively, All Green seeks to stay the case pending arbitration proceedings. For the reasons that follow, the motion to compel arbitration is granted, the motion to dismiss is denied, and the case is stayed.

**I.    Background**

All Green is a building maintenance provider. Abel worked for All Green as a cleaner. Abel's employment was terminated in 2016. Abel alleges that All Green discriminated against him on the basis of his religion, in violation of Title VII of the Civil Rights Act of 1964 and New York City law.[1]

During his employment, Abel was a member of Local 32BJ Service Employees International Union. (Dkt. No. 17 at 2.) That union and the Realty Advisory Board on Labor

---

[1] There are two versions of the complaint: The original complaint asserts a claim solely under Title VII, while the amended complaint asserts a claim solely under the New York City Human Rights Law. (*See* Dkt. Nos. 2, 8.) Given that this is a *pro se* case, the Court interprets the amended complaint—the operative complaint for this motion—as asserting claims under both federal and municipal law.

Relations, Inc. ("RAB"), a multi-employer bargaining group of which All Green was a member, were parties to a collective bargaining agreement ("CBA"). (*Id.* at 3–4.)

The CBA provides, in relevant part, that:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act . . . the New York City Human Rights Code . . . or any other similar laws, rules or regulations. All such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) as the sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

*Id.* at 4.

All Green argues that this provision requires Abel to arbitrate his claims rather than sue in federal court. All Green therefore seeks dismissal of this case, or, alternatively, that the case be stayed so that the parties can arbitrate. In a letter to the Court, Abel asserts that he already tried to go through the union's grievance procedures, including settlement discussions, but that he did not find the union to be responsive to his needs. (Dkt. No. 18.)

## II. Legal Standard

When deciding a motion to compel arbitration, a reviewing court's evaluation is limited to: "i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate." *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004). Where these requirements are met, the court must "[direct] the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

Courts must also afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss. *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). "'A document filed *pro se* is to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less

2

stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**III. Discussion**

In deciding this case, the Court is guided by two binding precedents: the United States Supreme Court's opinion in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), and the Second Circuit's opinion in *Katz v. Cellco Partnership*, 794 F.3d 341 (2d Cir. 2015).

In *Pyett*, the Supreme Court evaluated a similar CBA provision—involving the same union and the same employers' bargaining association—in the context of a claim under the Age Discrimination in Employment Act ("ADEA"). The Court held that "a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law." *Pyett*, 556 U.S. at 274. The Court explained:

> The [National Labor Relations Act] provided the Union and the RAB with statutory authority to collectively bargain for arbitration of workplace discrimination claims, and Congress did not terminate that authority with respect to federal age-discrimination claims in the ADEA. Accordingly, there is no legal basis for the Court to strike down the arbitration clause in this CBA, which was freely negotiated by the Union and the RAB, and which clearly and unmistakably requires respondents to arbitrate the age-discrimination claims at issue in this appeal. Congress has chosen to allow arbitration of ADEA claims. The Judiciary must respect that choice.

*Id.* at 260.

Though *Pyett* addressed claims under the ADEA, courts in this circuit have applied its reasoning to claims arising under Title VII and the New York City Human Rights Law. *See Hamzaraj v. ABM Janitorial Ne. Inc.*, No. 15 Civ. 2030, 2016 WL 3571387, at *4 (S.D.N.Y. June 27, 2016) (collecting cases). Abel makes no argument countering the applicability of the arbitration provision, and the Court sees none in the record. Thus, even with the solicitude afforded to *pro se* pleadings, this Court is bound by the *Pyett* precedent.

3

The second guiding case—*Katz*—instructs the Court what to do once it recognizes that arbitration is in order. In *Katz*, the Second Circuit held that "the text, structure, and underlying policy of the [Federal Arbitration Act] mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." 794 F.3d at 347. The Second Circuit explained that a mandatory stay is "consistent with the FAA's underlying 'policy to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Id.* at 346 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)); *see also Hamzaraj*, 2016 WL 3571387, at *5 (collecting cases).

Accordingly, the Court concludes that Abel is indeed required to arbitrate, but that outright dismissal is not warranted. Instead, this case will be stayed to allow the parties to arbitrate Abel's claims.

## IV. Conclusion

For the foregoing reasons, All Green's motion to compel arbitration is GRANTED. All Green's motion to dismiss is DENIED. This case is STAYED pending the outcome of the arbitration. The parties are directed to notify the Court once the arbitration has concluded, and, if the arbitration has not concluded by March 1, 2018, to provide a status letter to the Court.

The Clerk of Court is directed to close the motion at Docket Number 15.

SO ORDERED.

Dated: November 14, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTIES BY CHAMBERS*

4